IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02366-GPG

**KHADIJEH NEGARESH**,
(**The above civil action number must appear on all future papers sent to the court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

  Plaintiff,

v.

**ISLE CAPRI CASINO**,

  Defendant.

---

### ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

  Plaintiff, Khadijeh Negaresh, resides in Aurora, Colorado.  Mr. Negaresh has filed, *pro se*, a Title VII Complain.  He has been granted leave to proceed *in forma pauperis*.

  The Court must construe the Title VII Complaint liberally because Mr. Walker is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Negaresh will be ordered to file an amended complaint.  Plaintiff is reminded that an amended complaint supercedes and replaces the original and all other prior complaints. *Mink v. Suthers*, 482 F.3d 1244 (10th Cir. 2007) (citing *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000)); *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990) ("[A] pleading that has been amended under Rule 15(a) supersedes the pleading it modifies . . . .") (internal quotation marks omitted).  Plaintiff will be afforded

an opportunity to assert his Title VII claims in an Amended Title VII Complaint, filed on the court-approved Title VII form.

In the Title VII Complaint, Mr. Negaresh asserts that this Court has jurisdiction pursuant to Title VII of the Civil Rights Act. **However,** Mr. Negaresh makes no factual allegations in his Complaint. Instead, he merely attaches various documents. A Title VII Complaint must comply with the pleading requirements of Fed. R. Civ. 8 by providing a short and plain statement of the plaintiff's claims showing that he is entitled to relief under Title VII, 42 U.S.C. § 2000e, *et seq.*, for unlawful discrimination in the terms and conditions of his employment. Specifically, to state a claim in federal court, Plaintiff "must explain what [the defendant] did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

The Court has reviewed the Title VII Complaint and has determined that the Complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV*

*Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Negaresh fails to provide a short and plain statement of his claims showing that he is entitled to relief.  Although Plaintiff has checked blanks on the preprinted Title VII Complaint form indicating that Defendant discriminated against him based, there are no factual allegations in the Complaint.  Moreover, Mr. Negaresh has not completed the "Claims for Relief" section of the Complaint, nor has he attached a copy of his charge of discrimination filed with the Equal Opportunity Employment Commission (EEOC) to clarify the basis of his claims.

Neither the Court nor Defendant is required to guess in order to determine the specific factual allegations that support the claims Mr. Negaresh is asserting.  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Instead, it is the Plaintiff's responsibility to present his claims clearly and concisely in a manageable format that allows the Court and

Defendant to know what claims are being asserted and to be able to respond to those claims.

Mr. Negaresh will be ordered to file an amended Title VII Complaint that complies with the pleading requirements of Rule 8 if he wishes to pursue claims against the Defendant Union in this action.  To state a claim in federal court, Plaintiff must explain what the Defendant did to him, when the defendant did it; how the defendant's action harmed him; and, what specific legal right the Plaintiff believes the Defendant violated. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Furthermore, Mr. Negaresh should attach to the amended Title VII Complaint a copy of his  charge of discrimination filed with the EEOC.   Accordingly, it is

ORDERED that Plaintiff, Peterson I. Negaresh, file, **within thirty (30) days from the date of this order**, an amended Title VII Complaint, on the court-approved form, that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and with the directives in this Order.  It is

**FURTHER ORDERED** that Mr. Negaresh shall obtain the Court-approved Title VII Complaint form, along with the applicable instructions, at www.cod.uscourts.gov, and shall **use the form in filing his amended Title VII Complaint.  It is**

**FURTHER ORDERED** that, if Mr. Negaresh fails to file an amended Title VII Complaint **within thirty (30) days from the date of this order**, the Title VII Complaint and the action may be dismissed without further notice.  The dismissal shall be without prejudice.  Mr. Negaresh is warned that, even if the Court dismisses the instant action without prejudice for failure to comply with this order, the dismissal may act as a dismissal with prejudice if Plaintiff seeks to refile in this Court because the ninety-day limitations period for filing a Title VII action may have run on his claims.  *See* 42 U.S.C.

§ 2000e-5(f)(1) (A claimant has ninety days to file an action in the district court after receiving a notice of right to sue from the EEOC).

DATED October 30, 2015, at Denver, Colorado.

BY THE COURT:

s/Gordon P. Gallagher
United States Magistrate Judge